UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DWIGHT BOYD,

Defendant.

21-CR-486 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

  Defendant Dwight Boyd pled guilty to conspiring to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 last week. The government moved to remand Boyd at the conclusion of that proceeding pursuant to 18 U.S.C. § 3143(a)(2), which states that a defendant who has pled guilty to a controlled substance offense, such as this one, which has a maximum sentence of ten years or more, see 18 U.S.C. § 3142(f)(1)(C), and is awaiting sentence "shall . . . be detained" unless 1) the court finds "a substantial likelihood that a motion for acquittal or new trial will be granted" *or* the government recommends that "no sentence of imprisonment be imposed on the person," *and* 2) the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C § 3143(a)(2)(A)–(B). Because Boyd entered his guilty plea knowingly and voluntarily, there is not "a substantial likelihood" of acquittal and the government is decidedly not recommending no jail sentence. Thus, it would appear that the Court is *required* to remand the defendant pending the imposition of sentence.

  But wait; there is more. "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1)" may be granted bail "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The first element of the test under section 3145(c) requires the court to determine whether the defendant meets the conditions of release set forth in section 3143(a)(1). Section 3143(a)(1) permits release on bail only if the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). The second element of section 3145(c) requires the court to assess whether there are "exceptional reasons" justifying a defendant's release. "Exceptional reasons" are those presenting "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).

Here, the Court finds that the requirements of section 3145(c) have been met. First, pursuant to section 3143(a)(1), the Court finds by clear and convincing evidence that Boyd does not pose a risk of flight or danger to any other person or the community under the combination of conditions the Court set in August 2021, (ECF No. 21), and under which Boyd has been living for the past six months. Specifically, Boyd has been in the community without incident for six months pursuant to a $250,000 personal recognizance bond cosigned by three financially responsible persons, home detention with electronic monitoring,[1] travel restricted to the Southern and Eastern Districts of New York, no contact with his codefendants outside the presence of counsel, surrender of all travel documents, and drug testing as directed by Pretrial Services. (ECF Nos. 34, 54.) Boyd lives with his mother, has a union job at a warehouse, and is completing coursework to obtain his GED. (ECF No. 68.) Furthermore, the Court notes that Boyd's conviction in this matter, while for a serious narcotics crime, is non-violent. The Court concludes that Boyd is not likely to flee nor pose a danger to any other person under the stringent conditions of his release.

Next, the Court finds "exceptional reasons" militating against Boyd's detention pre-sentencing. The two facilities to which detainees are remanded prior to sentencing in the Southern District of New York are the Metropolitan Detention Center (MDC) in Brooklyn and the Essex County Correctional Facility (Essex) in Newark, New Jersey. The MDC, long overcrowded, has recently had an influx of additional detainees due to the closure of the Metropolitan Correctional Center (MCC) and the transfer of the majority of its inmates to the MDC. Nina Pullano, *Manhattan Jail Closure Renews Concerns Over Brooklyn Facility Conditions*, COURTHOUSE NEWS SERV. (Aug. 27, 2021), https://www.courthousenews.com/manhattan-jail-closure-renews-concerns-over-brooklyn-facility-conditions/. Essex has also experienced overcrowding after the transfer of inmates to it following the closure of a nearby Union County facility. Noah Cohen, *N.J. County to Close Most of its Jail, Send Inmates to a Nearby Facility*, NJ.COM (Apr. 23, 2021), https://www.nj.com/news/2021/04/nj-county-to-close-most-of-its-jail-send-prisoners-to-nearby-facility.html; Joseph E. Korkora, *N.J.'s Public Defender: Breakdowns in Our Jails Has Led to Tragedy*, NJ.COM (Dec. 13, 2021), https://www.nj.com/opinion/2021/12/njs-public-defender-breakdowns-in-our-jails-have-lead-to-tragedies-opinion.html.

Both the MDC and Essex are dealing with the continuing COVID-19 pandemic and all attorney and family visits have been suspended at both jails until further notice. *MDC Brooklyn*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/bro/ (last visited Feb. 2, 2022); *see Department of Corrections*, ESSEX CTY.,

---

[1] Boyd was initially released subject to 24-hour home incarceration with electronic monitoring. (ECF No. 34.) In November, the Court relaxed his conditions to home detention with electronic monitoring in order to allow him to accept a job offer on the consent of all parties. (ECF No. 54.)

https://essexcountynj.org/corrections/ (last visited Feb. 2, 2022) ("In an abundance of caution, in-person attorney and non-contact visitation at the Essex County Correctional Facility have been suspended.") In addition, during the past several months, the MDC and Essex have been hamstrung by staffing issues, quarantines due to COVID-19, and lockdowns due to security issues. These lockdowns – which are continuing – make it impossible for attorneys to visit their clients to prepare strategy, including, in the case of Boyd, for sentencing. Because attorneys cannot visit their clients in person, the demand for attorney-client phone calls has substantially increased and attorneys have repeatedly reported to this Court the difficulty of arranging for extended private telephone calls with their clients to prepare for upcoming conferences, pleas, trials, and sentencings.

The stringent conditions of Boyd's release, including home detention and a substantial bond, and the facts that his crime is a non-violent one, that he lives with his mother, that he has a union job, and that he is taking courses toward a GED, along with the presence of COVID-19 at MDC and Essex, plus the need for Boyd to prepare for his April 25 sentencing with his attorney, together constitute an "exceptional reason[] why [Bond's] detention would not be appropriate" pursuant to 18 U.S.C. § 3145(c).

Accordingly, the government's motion to remand Boyd at this time is denied due to exceptional reasons. Boyd will remain on bail on all the conditions on which he has been previously released. Sentencing will take place on April 25, 2022, at 11:00 a.m. in Courtroom 23A, United States Courthouse, 500 Pearl Street, New York, NY 10007. Defense submissions are due on April 4, 2022; government submissions are due on April 11, 2022.

Dated: New York, New York
       February 3, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.